The Honorable Morril Harriman State Senator 522 Main Street Van Buren, AR 72956
Dear Senator Harriman:
You have requested a formal opinion regarding the legality of a general roadblock being established in Van Buren, Arkansas by the City Police. The roadblock, as I understand it, would occur for the purpose of determining violations of license and registration laws.
Please find enclosed a copy of the Arkansas State Police regulations regarding use of roadblocks for enforcement of driver license and vehicle registration laws. These were adopted subsequent to a lawsuit challenging such practices of the State Police in Garrett v. Goodwin, 569 F. Supp. 106 (1982).
A copy of the Court's opinion is enclosed for your information as it addresses at length the law on this subject. The decision in Garrett, supra, was appealed by the State only as to attorneys' fees and thus, the substantive law of the case stands as current precedent.
As you can see, the principles enunciated by the federal court for the Eastern District of Arkansas are as follows:
 1. Stopping a vehicle at a roadblock conducted for any purpose constitutes a seizure under the Fourth and Fourteenth amendments to the U.S. Constitution.
 2. Roadblocks are not sanctioned if, in reality, the roadblock is set up as a pretext or a subterfuge for purposes other than driver license and registration checks.
 3. Certain practical factors are more acceptable in the setting up of roadblocks; namely, minimal interference with traffic and that the location of roadblocks is not chosen by field officers but by officials responsible for making overall decisions as to the most effective allocation of limited enforcement resources.
 4. The United States Supreme Court has held that purely random stops for driver's license checks are unreasonable under the Fourth amendment in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). That case held that except in those situations in which there is at least an articulable and reasonable suspicion that a motorist is unlicensed or an automobile unregistered that the stopping of the automobile is unreasonable under the Fourth Amendment. The Supreme Court suggested alternative methods of conducting roadblocks such as the questioning of all oncoming traffic at roadblock type stops.
 5. Officers should not order or request the driver or occupant of a vehicle to get out of the car unless there is an independent legal justification to warrant the action.
 6. If the city police conduct a warrantless search of a car they must have legal justification for doing so.
 7. A "drug dog" cannot be used indiscriminately in such roadblocks.
I believe this case and the State Police guidelines provide a good guide of the current law regarding this subject. In summary, such roadblocks may be conducted under the guidelines set forth herein and in the attached.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel R.B. Friedlander.